**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LEANN K. PALMER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. IP 06-CR-73-H/F |
| | ) | 1:07-cv-503-DFH-TAB |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255**

   LeAnn Palmer pled guilty to charges of federal bank fraud.  Palmer now seeks relief from the conviction and sentence that resulted from her plea. The court finds, however, that she is not entitled to relief and that her motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion is based on the following facts and circumstances:

   1. "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently."  *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases).  A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989), citing *Brady v. United States,* 397 U.S. 742, 755 (1970).  A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel.  *Id.*  Palmer entered such a plea in this case.  She now contends, however, that her attorney was ineffective prior to sentencing and at sentencing, and in doing so seeks relief from her conviction pursuant to 28 U.S.C. § 2255.

   2. A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The scope of relief available under § 2255 is narrow. A defendant is entitled to relief under § 2255 where the error is jurisdictional, constitutional or is a fundamental defect which inherently results in a complete miscarriage of justice. *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.), *cert. denied*, 516 U.S. 904 (1995).

   3. Because Palmer entered a plea of guilty, she "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [s]he received" was constitutionally ineffective. *United States v. Villegas* 388 F.3d 317, 322 (7th Cir. 2004) (citing *Hill v. Lockhart,* 474 U.S. 52, 56 (1985)). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant 'satisfies a

heavy burden of persuasion.'" *United States v. Logan,* 244 F.3d 553, 558 (7th Cir. 2001). Palmer has offered nothing to demonstrate that her plea of guilty was not voluntarily and knowingly entered. On the contrary, in the Memorandum of Plea Agreement, Palmer acknowledged to the court that her "plea agreement [was] governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of her sentence [was] within the discretion of the Court." Memorandum of Plea Agreement, ¶ 4. Palmer acknowledged that the loss she was responsible for exceeded $400,000 (but was less than $1,000,000). *Id.*, ¶ 10(b). Palmer represented that "no threats, promises, or representations [had] been made, nor agreements reached, other than those set forth [in the Memorandum of Plea Agreement], to induce [her] to plead guilty." *Id.*, ¶ 11. Palmer additionally represented that she was "fully satisfied with [her] attorney's representation during all phases of this case," that she was "freely and voluntarily pleading guilty," and that she "under[stood] all the terms of the plea agreement and those terms correctly reflect[ed] the results of plea negotiations." *Id.* Palmer affirmed all of these points orally and under oath when she pled guilty. If she had not, the court would not have accepted her guilty plea.

4.  Palmer's motion rests on her contention that she did not receive the effective assistance of counsel in connection with the guilty plea or the sentencing which followed.

5.  Palmer had the right to the effective assistance of counsel in the plea negotiation and sentencing process. *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985); *Banks v. Hanks,* 41 F.3d 1187, 1189 (7th Cir. 1994). The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 124 S. Ct. 1, 4 (2003), citing *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984). For a petitioner to establish that her "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, she must make two showings: (1) deficient performance that (2) prejudiced her defense. *Strickland,* 466 U.S. at 687. With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 123 S. Ct. 2527, 2535 (2003), quoting *Strickland,* 466 U.S. at 688. In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 2536 (quoting 466 U.S. at 688); *see also Kokoraleis v. Gilmore,* 131 F.3d 692, 696 (7th Cir. 1997). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

6.  Many of Palmer's specifications of attorney ineffectiveness are in direct contradiction to her representations at her change of plea proceeding. She says that her lawyer had "prepared" her for a sentence of 24 months, not the 33 months the court imposed. But she told the court in writing, and orally and under oath, that she understood that the court had discretion to sentence her within the statutory bounds for sentencing, and that she was not guaranteed any particular sentence, and that she could receive a sentence more severe than she expected. Palmer also contends that she asked her lawyer to review all of the fraudulent checks and that she is certain the amount she stole is

"drastically lower" than the amount the court used for purposes of sentencing. There was ample opportunity for her to express her disagreement or dissatisfaction on this point if she had a serious disagreement with her attorney, and her conclusory claims now are not sufficient to require further examination at this time.

Those specifications are not available to support her claim in this case because she has not also made a showing that representations regarding the voluntary and knowing character of her guilty plea should not be treated as binding. "Rational conduct requires that voluntary responses made by a defendant under oath before an examining judge be binding." *Bontkowski v. United States*, 850 F.2d 306, 314 (7th Cir. 1988), quoting *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir. 1987). Insofar as Palmer's motion rests on her effort to contradict statements made by her in open court and in her written plea agreement and her petition to enter a plea of guilty, her position is **rejected.**

7.     The Seventh Circuit has unequivocally stated that unsubstantiated and conclusory statements do not support ineffective assistance of counsel claims. *See, e.g., United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). As *Turcotte* notes, a defendant bears the burden of proof and persuasion in establishing an ineffective assistance of counsel claim. *Id.* Palmer's motion is also insufficient to support relief insofar as she asserts prejudice from her attorney's performance at sentencing in particular through conclusory statements and speculation, for "conclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002), citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995).

8.     Even as to specific points of asserted deficient performance, Palmer has failed in her burden to show prejudice. The prejudice prong of the *Strickland* test requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *see also Bell v. Cone,* 535 U.S. 685, 697-98 (2002). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F.3d 768, 773 (7th Cir. 2003). Palmer has not done that in this case.

9.     Palmer also asserts the sentencing judge was in law practice with the father of one of the physicians whom she defrauded, and she adds that she was not informed about this relationship until after sentencing. The late father of one of the victims in this case was a partner in the law firm in which I was a partner from 1991 to 1994. There is no indication that I had ever met or communicated with the victim before or after the hearing, of course, and I did not. That relationship from many years ago with the victim's late father was too attenuated to require disqualification under 28 U.S.C. § 455(b), nor did that relationship provide a reasonable basis for questioning my impartiality in the case, within the meaning of 28 U.S.C. § 455(a). The test under § 455(a) is whether a reasonable person informed of all the relevant circumstances would believe that the judge was biased or prejudiced toward a party. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). The victim was and remains a stranger to me, and this provides no basis for disqualification.

      10.    As her fourth ground for her motion, Palmer states that her "lawyer made a deal with the IRS," such that she is concerned she might have to pay double restitution. There is no indication that this has actually happened or is likely to happen; if and when there is a real issue about whether Palmer has received credit for payments toward restitution, she can bring that to the attention of the court. The possibility does not provide any basis for setting aside her guilty plea and sentence.

      11.    The record fully contradicts Palmer's claim that she was not adequately represented in conjunction with negotiation and submission of the plea agreement or otherwise, including the intricate sentencing which was conducted. "It is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001). Palmer did not suffer from the ineffective assistance of counsel and her concerns with the performance of her attorney do not satisfy the *Strickland* standard. She argues past the actual merits of her specifications of attorney ineffectiveness to arrive at conclusions only. The Seventh Circuit has concluded that such an effort falls short:

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds."

*Farr*, 297 F.3d at 658. The same is inescapably true as to Palmer's arguments that she was denied the effective assistance of counsel, including the contention that her attorney failed to represent her effectively at her sentencing. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that she suffered prejudice.

      12.    For the reasons explained above, Palmer is not entitled to relief in this action. She has failed to demonstrate a constitutional violation warranting collateral relief. Accordingly, her motion for relief pursuant to § 2255 is **denied,** and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

      So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Judge
United States District Court

Date:    11/05/07